```
                                    ┌─────────────────────────────┐
                                    │            FILED            │
                                    │  CLERK, U.S. DISTRICT COURT │
                                    │  ┌───────────────────────┐  │
                                    │  │     2/19/2021         │  │
                                    │  └───────────────────────┘  │
                                    │ CENTRAL DISTRICT OF CALIFORNIA│
                                    │ BY: _____ JB _____ DEPUTY    │
                                    └─────────────────────────────┘
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2020 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>KALEB WILLIAMS,<br>GILBERT ALEXANDER BAILEY, JR.,<br>TEVAUGHN BROWN,<br>TERRANCE CLEYON PEARSON,<br>DA'MARI MARIO CRANE, and<br>TONISHA MARIE JOHNSON,<br><br>          Defendants. | CR   2:21-cr-00065-FLA<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1951(a): Conspiracy to Interfere with Commerce by Robbery and Interference with Commerce By Robbery; 18 U.S.C. §§ 924(c)(1)(A)(ii), (iii): Possess, Use, Carry, Brandish, and Discharge a Firearm in Furtherance of and During and in Relation to a Crime of Violence; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition 18 U.S.C. §§ 981(a)(1)(C), 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

## COUNT ONE

[18 U.S.C. § 1951(a)]

[DEFENDANTS WILLIAMS, BAILEY, AND JOHNSON]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.    AV Jewelry Mart ("AV Jewelry"), a commercial jewelry store, located at 2011 West Avenue J, Lancaster, California, regularly accepted credit cards as tender for purchase transactions.

2.    AV Jewelry obtained goods to be sold in its store from outside California, including from Georgia and Texas.

3.    AV Jewelry had a remote door lock that could only be opened by an employee remotely disengaging the lock.

B.    OBJECT OF THE CONSPIRACY

Beginning on a date unknown, and continuing to on or about July 23, 2019, in Los Angeles County, within the Central District of California, defendants KALEB WILLIAMS, GILBERT ALEXANDER BAILEY, JR., and TONISHA MARIE JOHNSON conspired with others known and unknown to the Grand Jury to knowingly and intentionally interfere with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a).

C.    MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

The object of the conspiracy was to be accomplished, in substance, as follows:

1.    On the day of the robbery, defendants WILLIAMS and JOHNSON would contact each other to discuss and plan the robbery.

2.    Defendant WILLIAMS would travel to the location around AV Jewelry to serve as a lookout during the robbery.

3.    Just prior to the robbery, defendant JOHNSON would enter AV Jewelry pretending to be a customer so that she could hold the door for co-conspirators to defeat the remote lock.

4.    Defendant BAILEY and three co-conspirators, Individuals 1, 2 and 3, would grab the open door from defendant JOHNSON and enter AV Jewelry to commit the armed robbery.

5.    Individual 1 and Individual 2 would assist in the robbery by brandishing firearms to control store employees during the robbery.

6.    Individual 1 would steal AV Jewelry's firearm and give it to Individual 2, who would then point the stolen firearm at the victims.

7.    Individual 3 would use a hammer and smash jewelry display cases while defendant BAILEY would fill defendant BAILEY's bag with jewelry.

8.    Individuals 1, 2, and 3, and defendant BAILEY would then flee and enter defendant BAILEY's blue Honda and be driven away by Individual 4.

D.    OVERT ACTS

In furtherance of the conspiracy, and to accomplish the object of the conspiracy, on or about the following dates, defendants WILLIAMS, BAILEY, and JOHNSON, and Individuals 1, 2, 3, and 4, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, including, but not limited to, the following:

Overt Act No. 1:   On or about July 21, 2019, by text message using coded language, defendant JOHNSON texted defendant WILLIAMS to ask how she could get involved in defendant WILLIAMS's planned robbery.

Overt Act No. 2:   On or about July 23, 2019, driving a tan Chrysler Concorde, defendant WILLIAMS traveled to the area of the AV Jewelry parking lot.

Overt Act No. 3:   On or about July 23, 2019, by text message using coded language, defendant WILLIAMS told defendant JOHNSON that he needed somebody to take a piece of jewelry into the AV Jewelry when AV Jewelry opened.

Overt Act No. 4:   On or about July 23, 2019, CC-4, driving defendant BAILEY's blue Honda, carrying defendant BAILEY, Individuals 1, Individual 2, and Individual 3 as passengers, reversed into a parking spot near the entrance of AV Jewelry.

Overt Act No. 5:   On or about July 23, 2019, defendant JOHNSON parked a light blue Dodge Stratus with yellow paper plates around the corner from AV Jewelry.

Overt Act No. 6:   On or about July 23, 2019, defendant JOHNSON got out of the light blue Dodge Stratus and walked toward AV Jewelry.

Overt Act No. 7:   On or about July 23, 2019, defendant JOHNSON approached the door of AV Jewelry and waited for the employees at AV Jewelry to remotely unlock the door.

Overt Act No. 8:   On or about July 23, 2019, following defendant WILLIAMS's instructions, defendant JOHNSON handed an employee of AV Jewelry a bracelet to clean.

Overt Act No. 9:   On or about July 23, 2019, defendant JOHNSON walked to the front door of AV Jewelry and slowly opened the door, so that defendant BAILEY and Individuals 1, 2, and 3 would have an opportunity to enter AV Jewelry.

Overt Act No. 10:   On or about July 23, 2019, immediately after defendant JOHNSON opened and held open the door of AV Jewelry,

4

defendant BAILEY, Individual 1, Individual 2, and Individual 3, wearing face masks, got out of defendant BAILEY's blue Honda, grabbed the open door from defendant JOHNSON, and entered AV Jewelry.

Overt Act No. 11:   On or about July 23, 2019, Individual 1 and Individual 2 each brandished black handguns and used the handguns to control and intimidate AV Jewelry store employees ("Employee-Victim 1" and "Employee-Victim 2") and a customer who was present inside the store (the "Customer Victim").

Overt Act No. 12:   On or about July 23, 2019, Individual 1 pointed a firearm at Employee-Victim 1, ordered Employee-Victim 1 to get down, and threatened to shoot Employee-Victim 1 if he moved.

Overt Act No. 13:   On or about July 23, 2019, Individual 3 grabbed a hammer from defendant BAILEY's bag and began smashing display cases.

Overt Act No. 14:   On or about July 23, 2019, defendant BAILEY began grabbing jewelry from smashed display cases and putting the jewelry in his bag.

Overt Act No. 15:   On or about July 23, 2019, Individual 1 stole a Glock 19 9mm firearm from a desk in AV Jewelry and handed the stolen firearm to Individual 2.

Overt Act No. 16:   On or about July 23, 2019, Individual 2 brandished and aimed the stolen Glock firearm at Employee-Victim 2 to control and intimidate Employee-Victim 1, Employee-Victim 2, and the Customer-Victim.

Overt Act No. 17:   On or about July 23, 2019, defendant BAILEY, Individual 1, Individual 2, and Individual 3 fled AV Jewelry with approximately 348 pieces of jewelry worth approximately $479,900 and

a stolen Glock firearm worth approximately $700, having caused approximately $5,000 in damage to the jewelry display cases.

Overt Act No. 18:   On or about July 23, 2019, defendant BAILEY, Individual 1, Individual 2, and Individual 3 entered the passenger seats of defendant BAILEY's blue Honda.

Overt Act No. 19:   On or about July 23, 2019, Individual 4 drove defendant BAILEY's blue Honda, carrying defendant BAILEY, Individual 1, Individual 2, and Individual 3, through the parking lot away from AV Jewelry.

Overt Act No. 20:   On or about July 23, 2019, defendant WILLIAMS, driving his tan Chrysler, waited for defendant BAILEY's blue Honda, driven by Individual 4, to pass him and then the blue Honda out of the AV Jewelry parking lot.

COUNT TWO

[18 U.S.C. §§ 1951(a), 2(a)]

[DEFENDANTS WILLIAMS, BAILEY, AND JOHNSON]

On or about July 23, 2019, in Los Angeles County, within the Central District of California, defendants KALEB WILLIAMS, GILBERT ALEXANDER BAILEY, JR., and TONISHA MARIE JOHNSON, and others known and unknown, each aiding and abetting the other, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendants WILLIAMS, BAILEY, and JOHNSON, and others known and unknown, unlawfully took and obtained property consisting of approximately 348 pieces of jewelry worth approximately $479,000, belonging to AV Jewelry, located at 2011 West Avenue J, Lancaster, California, a commercial jewelry store, the inventory of which travels in interstate commerce, from the person and in the presence of employees of AV Jewelry, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons.

COUNT THREE

[18 U.S.C. §§ 924(c)(1)(A)(ii), 2(a)]

[DEFENDANTS WILLIAMS, BAILEY, AND JOHNSON]

On or about July 23, 2019, in Los Angeles County, within the Central District of California, defendants KALEB WILLIAMS, GILBERT ALEXANDER BAILEY, JR., and TONISHA MARIE JOHNSON, and others known and unknown to the Grand Jury, each aiding and abetting the other, knowingly used and carried firearms, including a Glock 19, 9mm firearm stolen from AV Jewelry, during and in relation to, and possessed those firearms in furtherance of, a crime of violence, namely, interference with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Two of this Indictment, and, in so doing, brandished those firearms.

COUNT FOUR

[18 U.S.C. § 1951(a)]

[DEFENDANTS WILLIAMS, BAILEY, BROWN, PEARSON, AND CRANE]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.   Party City, a national retail store, sold and distributed products in, and affecting, interstate commerce.

2.   On October 25, 2019, defendant DA'MARI MARIO CRANE was an employee at the Party City store located at 39451 10th Street West, Palmdale, California (the "Party City").

3.   Home Depot, a national hardware store, sold and distributed products in, and affecting, interstate commerce.

4.   From on or about February 11, 2020 to on or about March 12, 2020, defendant CRANE was employed as a cashier at the Home Depot store located at 44226 20th Street West, Lancaster, California (the "Home Depot").  Defendant CRANE's last day of work at Home Depot was on or about March 5, 2020.

B.   OBJECT OF THE CONSPIRACY

Beginning on a date unknown, and continuing to on or about May 3, 2020, in Los Angeles County, within the Central District of California, defendants KALEB WILLIAMS, GILBERT ALEXANDER BAILEY, JR., TEVAUGHN BROWN, TERRANCE CLEYON PEARSON, and CRANE conspired with others known and unknown to knowingly and intentionally interfere with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a).

C.    MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE
      ACCOMPLISHED

      The object of the conspiracy was to be accomplished, in
substance, as follows:

      1.    Defendant CRANE would use inside information about his
employers, including where his employers stored cash out of public
view, to assist in robberies.

      2.    Shortly before the robberies, defendants WILLIAMS and
BAILEY would plan the precise timing of the robberies by calling each
other and coordinating over the phone.

      3.    Defendants BAILEY, BROWN, and PEARSON, and another co-
conspirator would enter the store and commit a robbery by either
overpowering or threatening at least one employee victim.

      4.    Defendant BAILEY would collect money from an employee area
not in public view, while another co-conspirator either intimidated
or overpowered at least one employee victim.

      5.    Defendant CRANE would either pretend to be employee victim
of the robbery in order to assist co-conspirators in the robbery or
be part of the robbery crew and intimidate an employee to facilitate
the robbery.

      6.    In furtherance of the robbery, defendant BROWN would
discharge a firearm at a glass door to create a path for his and
defendant PEARSON's escape.

      7.    Defendant WILLIAMS would monitor the robberies from a
nearby car as a lookout.

D.    OVERT ACTS

      In furtherance of the conspiracy, and to accomplish the object
of the conspiracy, on or about the following dates, defendants

WILLIAMS, BAILEY, BROWN, PEARSON, and CRANE, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, including, but not limited to, the following:

1.  The October 25, 2019 Party City Robbery

Overt Act No. 1:   On an unknown date prior to October 25, 2019, defendant CRANE told a co-conspirator that Party City employees sometimes store cash in a back office not in public view.

Overt Act No. 2:   On or about October 25, 2019, defendant WILLIAMS acted as a lookout in the vicinity of Party City during the armed robbery.

Overt Act No. 3:   On or about October 25, 2019, defendants WILLIAMS and BAILEY spoke over the phone to discuss the plan for the armed robbery.

Overt Act No. 4:   On or about October 25, 2019, defendant BAILEY's Nissan Maxima, with collision damage on the passenger side door (the "Nissan Maxima"), entered the shopping center where the Party City is located.

Overt Act No. 5:   On or about October 25, 2019, defendant CRANE arrived at the shopping center where Party City is located and got out of a car, across the parking lot from the Party City.

Overt Act No. 6:   On or about October 25, 2019, defendant CRANE walked through the parking lot towards the Party City, and as defendant CRANE passed defendant BAILEY's Nissan Maxima, two co-conspirators got out of the Nissan Maxima and followed defendant CRANE to the Party City.

<u>Overt Act No. 7:</u>    On or about October 25, 2019, as defendant CRANE approached the Party City, a third co-conspirator got out of a dark sedan (the "dark sedan").

<u>Overt Act No. 8:</u>    On or about October 25, 2019, defendant CRANE arrived at the front sliding glass doors of the Party City and began knocking.

<u>Overt Act No. 9:</u>    On or about October 25, 2019, just after an employee unlocked the Party City doors and opened them, defendant CRANE stepped into the doorway, and pushed the doors open further with his left forearm, so that defendants BAILEY, BROWN, and PEARSON could enter more easily to commit the robbery.

<u>Overt Act No. 10:</u>    On or about October 25, 2019, as defendant CRANE stepped into the Party City, defendants BAILEY, BROWN and PEARSON rushed from behind defendant CRANE and shoved defendant CRANE and Party City Employee-Victim 1 to the ground.

<u>Overt Act No. 11:</u>    On or about October 25, 2019, one of the co-conspirators used force to control, subdue, and intimidate Party City Employee-Victim 1 and Party City Employee-Victim 2, by dragging Party City Employee-Victim 1 through the store by her shirt while co-conspirators ran to the back office to steal money from the Party City.

<u>Overt Act No. 12:</u>    On or about October 25, 2019, defendants BAILEY and BROWN entered the back office of the Party City, where defendant BAILEY stole approximately $10,000 in cash from Party City and placed it in his bag.

<u>Overt Act No. 13:</u>    On or about October 25, 2019, defendants BROWN and PEARSON returned to the front door, discovered that the

front sliding door had been locked, and attempted to force their way out by ramming, kicking, and smashing carts into the door.

Overt Act No. 14:   On or about October 25, 2019, defendant BROWN, removed a black Sig Sauer, Model P220, .45 caliber handgun from his waistband and fired the handgun into the glass door, shattering the glass to create an escape path.

Overt Act No. 15:   On or about October 25, 2019, immediately after defendant BROWN fired his handgun inside Party City, a co-conspirator turned on the Nissan Maxima's headlights and drove towards the Party City at high speed.

Overt Act No. 16:   On or about October 25, 2019, immediately after defendant BROWN fired his handgun inside Party City, a co-conspirator turned on the dark sedan's headlights and drove north towards where the Nissan Maxima had been parked.

Overt Act No. 17:   On or about October 25, 2019, defendants BROWN and PEARSON fled through the parking lot on foot towards where the Nissan Maxima had been parked.

Overt Act No. 18:   On or about October 25, 2019, defendant PEARSON called defendant WILLIAMS, and they spoke for approximately three minutes regarding the plan to escape the area.

Overt Act No. 19:   On or about October 25, 2019, defendant BAILEY fled out of a back door of the Party City.

Overt Act No. 20:   On or about October 25, 2019, defendants BROWN and PEARSON discarded some of the items of clothing they wore during the robbery, and defendant BROWN discarded the firearm he discharged in furtherance of the robbery.

1          2.   The May 3, 2020 Home Depot Robbery

2     Overt Act No. 21:   On or about May 1, 2020, defendants BAILEY,

3 CRANE, and WILLIAMS, and other co-conspirators, entered the Home

4 Depot to scout it for a potential robbery.

5     Overt Act No. 22:   On or about May 2, 2020, defendants BAILEY

6 and CRANE, and other co-conspirators, entered the Home Depot and

7 loitered near the vault room to scout it for a potential robbery.

8     Overt Act No. 23:   On or about May 3, 2020, defendant WILLIAMS

9 arrived at the Home Depot parking lot in a white Chrysler Pacifica

10 bearing unknown license plates (the "Chrysler Pacifica") and entered

11 the Home Depot.

12     Overt Act No. 24:   On or about May 3, 2020, defendant WILLIAMS,

13 who was inside of the Home Depot at that time, called defendant

14 BAILEY to discuss the plan for the armed robbery.

15     Overt Act No. 25:   On or about May 3, 2020, defendants BAILEY

16 and CRANE arrived at the Home Depot and went inside.

17     Overt Act No. 26:   On or about May 3, 2020, defendant WILLIAMS

18 left the Home Depot without purchasing anything and jogged to the

19 Chrysler Pacifica, where defendant WILLIAMS removed the Chrysler

20 Pacifica's license plates.

21     Overt Act No. 27:   On or about May 3, 2020, defendant WILLIAMS,

22 in the Chrysler Pacifica no longer bearing license plates, drove out

23 of the Home Depot parking lot to the rear alley of a U-Haul store

24 adjacent to the rear of the Home Depot.

25     Overt Act No. 28:   On or about May 3, 2020, defendants CRANE

26 and BAILEY approached the vault room and controlled and intimidated

27 Home Depot Employee-Victim 1 to open the vault while defendant CRANE

28 held what appeared to be a black handgun.

14

<u>Overt Act No. 29:</u>   On or about May 3, 2020, defendants BAILEY and CRANE grabbed approximately $6,828 from the vault and fled out of the back of the Home Depot to the Chrysler Pacifica.

<u>Overt Act No. 30:</u>   On or about May 3, 2020, defendants WILLIAMS, BAILEY, and CRANE fled from the area of the robbery in the Chrysler Pacifica.

1

COUNT FIVE

2

[18 U.S.C. §§ 1951(a), 2(a)]

3

[DEFENDANTS WILLIAMS, BAILEY, BROWN, PEARSON, AND CRANE]

4

On or about October 25, 2019, in Los Angeles County, within the

5

Central District of California, defendants KALEB WILLIAMS, GILBERT

6

ALEXANDER BAILEY, JR., TEVAUGHN BROWN, TERRANCE CLEYON PEARSON, and

7

DA'MARI MARIO CRANE, and others known and unknown, each aiding and

8

abetting the other, obstructed, delayed, and affected commerce and

9

the movement of articles and commodities in commerce by knowingly and

10

willingly committing robbery, in that defendants WILLIAMS, BAILEY,

11

BROWN, PEARSON, and CRANE unlawfully took and obtained property

12

consisting of approximately $10,000 in cash, belonging to Party City,

13

located at 39451 10th Street West, Palmdale, California, a national

14

retail store, the inventory of which travels in interstate commerce,

15

from the person and in the presence of employees of Party City,

16

against their will, by means of actual and threatened force,

17

violence, and fear of injury, immediate and future, to their persons.

18

19

20

21

22

23

24

25

26

27

28

16

COUNT SIX

[18 U.S.C. §§ 924(c)(1)(A)(iii), 2(a)]

[DEFENDANTS WILLIAMS, BAILEY, BROWN, PEARSON, AND CRANE]

On or about October 25, 2019, in Los Angeles County, within the Central District of California, defendants KALEB WILLIAMS, GILBERT ALEXANDER BAILEY, JR., TEVAUGHN BROWN, TERRANCE CLEYON PEARSON, and DA'MARI MARIO CRANE, and others known and unknown to the Grand Jury, each aiding and abetting the other, knowingly used and carried a firearm, namely, a black Sig Sauer, Model P220, .45 caliber handgun, bearing serial number G502547, during and in relation to, and possessed that firearm in furtherance of, a crime of violence, namely, interference with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Five of this Indictment, and, in so doing, discharged that firearm.

COUNT SEVEN

[18 U.S.C. §§ 1951(a), 2(a)]

[DEFENDANTS WILLIAMS, BAILEY, AND CRANE]

On or about May 3, 2020, in Los Angeles County, within the Central District of California, defendants KALEB WILLIAMS, GILBERT ALEXANDER BAILEY, JR., and DA'MARI MARIO CRANE, and others known and unknown, each aiding and abetting the other, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendants WILLIAMS, BAILEY, and CRANE unlawfully took and obtained property consisting of approximately $6,828 in cash, belonging to Home Depot, located at 44226 20th Street West, Lancaster, California, a national hardware store, the inventory of which travels in interstate commerce, from the person and in the presence of an employee of Home Depot, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the person of the employee.

COUNT EIGHT

[18 U.S.C. § 922(g)(1)]

[DEFENDANT BAILEY]

On or about October 28, 2020, in Los Angeles County, within the Central District of California, defendant GILBERT ALEXANDER BAILEY, JR. knowingly possessed a firearm, namely, a Glock, Model 26, 9mm semi-automatic handgun, bearing serial number CUW216US, and ammunition, namely, approximately 10 rounds of Federal Cartridge Company 9mm ammunition, in and affecting interstate and foreign commerce.

Defendant BAILEY possessed such firearm and ammunition knowing that he had previously been convicted of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1) Burglary With a Prior Felony, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of Los Angeles, case number NA053870, on or about April 8, 2003; and

(2) Felon/Addict in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court for the State of California, County of Los Angeles, case number BA419989, on or about June 23, 2014.

FORFEITURE ALLEGATION ONE

[18 U.S.C. §§ 981(a)(1)(C), 924(d)(1) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One, Two, Four, Five, or Seven of this Indictment.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any of the offenses;

(b)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(c)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1

FORFEITURE ALLEGATION TWO

2

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

3    1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4 Procedure, notice is hereby given that the United States of America

5 will seek forfeiture as part of any sentence, pursuant to Title 18,

6 United States Code, Section 924(d)(1), and Title 28, United States

7 Code, Section 2461(c), in the event of any defendant's conviction of

8 the offenses set forth any of Counts Three, Six, or Eight of this

9 Indictment.

10    2.    Any defendant so convicted shall forfeit to the United

11 States of America the following:

12        (a)    All right, title, and interest in any firearm or

13 ammunition involved in or used in any such offense; and

14        (b)    To the extent such property is not available for

15 forfeiture, a sum of money equal to the total value of the property

16 described in subparagraph (a).

17    3.    Pursuant to Title 21, United States Code, Section 853(p),

18 as incorporated by Title 28, United States Code, Section 2461(c), any

19 defendant so convicted shall forfeit substitute property, up to the

20 value of the property described in the preceding paragraph if, as the

21 result of any act or omission of said defendant, the property

22 described in the preceding paragraph or any portion thereof (a)

23 cannot be located upon the exercise of due diligence; (b) has been

24 transferred, sold to, or deposited with a third party; (c) has been

25 placed beyond the jurisdiction of the court; (d) has been

26 //

27 //

28

1  substantially diminished in value; or (e) has been commingled with

2  other property that cannot be divided without difficulty.

3

4

5                                              A TRUE BILL

6

7                                              _____/S/_____

8                                              Foreperson

9  TRACY L. WILKISON
   Acting United States Attorney

10

11 *Brandon Fox*

12 BRANDON D. FOX
   Assistant United States Attorney
13 Chief, Criminal Division

14 JOANNA M. CURTIS
   Assistant United States Attorney
15 Chief, Violent and Organized
   Crime Section
16
   SCOTT M. LARA
17 Assistant United States Attorneys
   Violent and Organized Crime
18 Section

19

20

21

22

23

24

25

26

27

28